UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ANDRE MATEVOUSIAN, Warden<br><br>　　　　　Respondent. | Case No. 1:17-cv-01722- MJS (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is in the custody of the Bureau of Prisons at United States Penitentiary Atwater in Atwater, California. He has filed the instant petition pursuant to 28 U.S.C. § 2241 challenging convictions out of the Northern District of Alabama. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be dismissed.

**I.     Factual Background**

Petitioner is serving a 105 year sentence pursuant to the June 7, 2001 judgment of the District Court for the Northern District of Alabama convicting him on various drug and money laundering charges. United States v. Lee, No. 2:00-cr-00347-LSC-JHE-1

(N.D. Ala. June 7, 2001). On June 20, 2002, the Court of Appeals for the Eleventh Circuit affirmed.

On September 29, 2003, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Lee v. United States, No. 2:03-cv-08039-LSC-RRA (N.D. Ala.). On September 20, 2006, the district court denied his motion. Petitioner appealed. The Eleventh Circuit denied a certificate of appealability. Lee v. United States, No. 06-16103-J (11th Cir. Mar. 19, 2007). Petitioner then filed a motion for relief from judgment in the district court. This too was denied. Lee v. United States, No. 2:03-cv-08039-LSC-RRA (N.D. Ala. Jan. 14, 2013). Petitioner again appealed. The Eleventh Circuit again denied a certificate of appealability. Lee v. United States, No. 13-11157-B (11th Cir. June 28, 2013).

Then, in Petitioner's original criminal case, he filed a motion citing Federal Rule of Criminal Procedure Section 3742(a)(1), a provision which does not exist. The motion was denied. United States v. Lee, No. 2:00-cr-00347-LSC-JHE-1 (N.D. Ala. Dec. 11, 2013). Petitioner appealed and the Eleventh Circuit denied a certificate of appealability. United States v. Lee, No. 13-15929-AA (11th Cir. Aug. 15, 2014). On September 23, 2015, Petitioner filed a motion for relief from judgment. The motion was denied. United States v. Lee, No. 2:00-cr-00347-LSC (N.D. Ala. Oct. 5, 2015).

Meanwhile, Petitioner returned to the district court in his section 2255 action and filed a motion for summary judgment. This too was denied. Lee v. United States, No. 2:03-cv-08039-LSC-RRA (N.D. Ala. Oct. 19, 2015).

Eventually, Petitioner sought permission to file a second or successive section 2255 motion. In re: Mario Anton Lee, No. 16-15658 (11th Cir.). His request was denied. In re: Mario Anton Lee, No. 16-15658 (11th Cir. Sept. 13, 2016).

Nonetheless, Petitioner filed another section 2255 motion on April 14, 2017. The motion was denied for lack of jurisdiction because it was not authorized. Lee v. United States, No. 2:17-cv-08014-LSC (N.D. Ala. Oct. 17, 2017). On September 14, 2017, he

filed a motion to reduce his sentence. United States v. Lee, No. 2:00-cr-00347-LSC-JHE1. That motion remains pending.

Most recently, on December 21, 2017, Petitioner filed the instant petition for writ of habeas corpus in this court. (ECF No. 1.)

## II. Discussion

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."); Tripati, 843 F.2d at 1162. In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Hernandez, 204 F.3d at 864-65

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner to seek relief under section 2241 if the remedy by motion under section 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States,

636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id.

The savings clause creates only a narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under section 2255 usually will not be deemed inadequate or ineffective merely because a prior section 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior section 2255 motion is insufficient to render section 2255 inadequate.); Tripati, 843 F.2d at 1162–63 (a petitioner's fears of bias or unequal treatment do not render a section 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Relief pursuant to section 2241 is available under the 'escape hatch' of section 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). Accordingly, a petitioner must prove both actual innocence and lack of unobstructed procedural opportunity before a remedy under section 2255 will be deemed inadequate or ineffective. Ivy, 328 F.3d at 1057. Petitioner fails to meet either of these requirements.

Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Northern District of Alabama, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to section 2255 or a motion challenging the indictment in the Northern District of Alabama, not a habeas petition pursuant to section 2241 in this Court. Furthermore, Petitioner does not expressly argue that the remedy under § 2255 is inadequate or ineffective. In any event, the Court concludes Petitioner has had multiple unobstructed procedural opportunities to present his claims, and he does not present a claim of actual innocence.

Petitioner first argues that his conviction violates double jeopardy. Petitioner has had several opportunities to present this claim. Indeed, he presented this claim on direct appeal and it was rejected. See Lee v. United States, No. 2:03-cv-08039-LSC-RRA (N.D. Ala. Sept. 20, 2006) (reciting procedural history). The claim therefore was found to be procedurally barred when raised again in his § 2255 motion. Id. at *6. Petitioner has not shown that he was precluded from presenting his claims in his prior motions, and instead, has presented these same challenges in his prior motions without success. He has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims. In addition, In addition, he has failed to show actual innocence on the basis of his double jeopardy claim. None of the facts presented suggest that he is actually innocent and the Eleventh Circuit has already rejected such a claim. In re Mario Anton Lee, No. 16-15658-C (11th Cir. Sept. 13, 2016).

Next, Petitioner argues that he is being held unconstitutionally in light of the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, § 2 (Aug 3, 2010), which amended mandatory statutory sentences for certain drug crimes. However, the Fair Sentencing Act did not render Petitioner actually innocent of any of the offenses. See id. Thus, Petitioner may not bring this claim under § 2241. He may be entitled to relief, however, under 18 U.S.C. § 3582(c). The Court notes that Petitioner has filed such a motion in the sentencing court, and that motion remains pending.

In sum, the Court concludes that Petitioner has not demonstrated that section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Therefore, section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction. .

### III.    Conclusion and Recommendation

In light of the foregoing analysis, it is HEREBY RECOMMENDED that the petition be dismissed for lack of jurisdiction.

| | |
|---|---|
| 1 | The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: December 29, 2017        /s/ *Michael J. Seng*
                                                                             UNITED STATES MAGISTRATE JUDGE