UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | No. 1: 17-cv-01722-DAD-JDP<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT UNDER RULE 59(e) AND MOTION FOR COPIES<br><br>(Doc. Nos. 16, 20) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 29, 2017, the then-assigned[1] magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed for lack of jurisdiction under § 2241. (Doc. No. 4.) On March 9, 2018, the undersigned issued an order adopting the findings and recommendations, dismissing the petition for writ of habeas corpus, and declining to issue a certificate of appealability. (Doc. No. 14.)

/////

---

[1] The findings and recommendations to dismiss this action were issued by now-retired United States Magistrate Judge Michael J. Seng on December 29, 2017. (Doc. No. 4.) On May 14, 2018, this case was re-assigned to Magistrate Judge Jeremy D. Peterson. (Doc. No. 21.)

1

On March 21, 2018, petitioner filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. (Doc. No. 16.) On May 11, 2018, petitioner filed a motion requesting that the court provide him copies of his filings in this action. (Doc. No. 20.)

Rule 59 of the Federal Rules of Civil Procedure for the most part concerns motions for a new trial. *See* Fed. R. Civ. P. 59(a)-(d). However, Rule 59(e) also states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion brought under Rule 59(e) may seek "'reconsideration of matters properly encompassed in a decision on the merits.'" *United States ex rel Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)). This requires a "substantive change of mind by the court." *Id.* (quoting *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985)); *see also Tattersalls, Ltd. V. DeHaven*, 745 F.3d 1294, 1299 (9th Cir. 2014). Whether relief should be granted pursuant to Rule 59(e) is within the discretion of the district court. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc); *see also Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). In most contexts, such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255 (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Brighton Collectibles, LLC v. Believe Productions, Inc.*, Case No. 2:15-cv-00579-CAS(ASx), 2018 WL 1381894, at *6 (C.D. Cal. Mar. 15, 2018) (denying Rule 59(e) motion to reduce jury's damage award, applying the "highly unusual circumstances" standard). A district court may also grant such a motion if it is "necessary to correct manifest errors of law or fact upon which the judgment is based" or if "the motion is necessary to 'prevent manifest injustice.'" *Turner*, 338 F.3d at 1063; *see also Nelson v. Equifax Info. Servs.*, *LLC*, 522 F. Supp. 2d 1222, 1238–39 (C.D. Cal. 2007).

In his Rule 59(e) motion, petitioner argues that the sentencing court erred in imposing his sentence. (Doc. No. 16 at 2.) Petitioner asserts that he has filed motions pursuant to 28 U.S.C. § 2255 in the Eleventh Circuit Court of Appeals but was denied relief. (*Id.*) Petitioner also states that he filed objections to the then-assigned magistrate judge's findings and recommendations

within the thirty-day objection period, but that these objections did not appear on the court's docket. (*Id.* at 1, 5.)

Petitioner has failed to meet the requirements for the granting of relief under Rule 59(e). Petitioner has not shown newly discovered evidence, clear error, a change in the controlling law, or presented any other reasons justifying relief from the judgment. As discussed in the findings and recommendations, motions to contest the legality of a sentence must generally be filed pursuant to § 2255 in the sentencing court. (Doc. No. 4 at 3.) Petitioner has not made the proper showing that he is eligible for relief from this court pursuant to § 2241. (*See id.* at 4–5.) Additionally, petitioner has not asserted that the arguments set forth in the objections he allegedly submitted to this court were any different from those presented in his Rule 59(e) motion. Thus, those alleged objections, had they been received, would apparently present no grounds justifying the granting of relief from the judgment imposed in the underlying criminal action.

Further, the court will deny petitioner's request to be provided copies of documents he has filed in this court. Petitioner states that he has been in transit since February 26, 2018 and has not received any receipts of his filings. (Doc. No. 20.) It is petitioner's responsibility to maintain his legal records, and petitioner may obtain a copy of the docket in this case by contacting the Office of the Clerk and paying the required copy fee.

For all these reasons:

1. Petitioner's Rule 59(e) motion (Doc. No. 16) is denied;
2. Petitioner's motion for copies (Doc. No. 20) is also denied; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**August 30, 2018**__  _____
UNITED STATES DISTRICT JUDGE